IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DOGGIE DENTAL INC., and
PETER DERTSAKYAN,

              Plaintiffs,

v.

AVANTDIGITAL, 0731*2013,
2013BLINGMALL, 2018OUTDOOR5,
777MYSHOP777, 86010-2022,
ABIGALEKIDS, AIWENGOING,
ALMINKO_0, ALWAYSGOOD14,
ANTOP3302, ANTW4489,
ARROWHUNT, ATEAMGO,
AVRAM-2-DEALS, AWESOME.365,
AZBASE, AZCOOL, BAN6067,
BAYSHINECOOLER, BELABU0,
BEST_FASHIONAL, BESTINTHEBEST,
BESTONLINE88, BRUCE-CUI,
BUYADISE, BUYITNPW, CCS3226,
CENTERSTOCK, CHOLLATIS,
CLOUD1437, COACHEER,
CRAFTDIYONLINE,
CREATELIFESTYLE,
DAYBUYDAYFORYOU,
DISCOUNT-E-MALL, D-MALL,
DOGSTAGRAMLOVE, DONDI-56,
DOUBLAWIN, E.SHOP.2019,
EIFACTION, ENERGYSAVING-LED,
ESTORESG, EUROUP,
FAAASHION_STORE, FAIRYARD,
FASTNEWSALES, FEABOA0,
FEIAIA0213S, FENL-TOP,
FREESTYLE_SHOPPING, FUNBUYIT,
GADGETKINGDOM2014,
GALIBESTBUYONLINE,
GGG_GLOBAL, GOLDENFIELD*2014,
HAPPYLIFEDEALS, HEBA_KH,
HOMIES_GOOD, HOPSCOTCHABC,
I-DOMESTIC, ILOVETABLETPC2014,
IN*GOD*WE*TRUST,
INBARFARKASH2001, IOKHOUSE-19,

Civil Action No. 2:21-cv-565

**FILED UNDER SEAL**

IUCOOL, JAMES2012, JINGYU2014,
JULAPANYA-0, JUNE_085,
JUSTINYRD, JUVY97,
KINGSEA8, KYUCIM,
LARGEWORLD3,
LETTERBU619, LIFEFIRSTPLACE,
LILLYK91, LILYYANGSTORE,
LINYAN1986_3, LOVE.SUNFLOWER,
LPCHENMJ, LUCKYAUCTION2011,
LYKUANMALL, LYNWORRAL_0,
MAGIC.HOUSE2013,
MALIBU_QUEENIE, MANFREDOG,
MICHAEELIYAH_0, MIGOSTORE87,
MSW4BABY, MYMAGICSTICK,
MYPHONESTARTHERE, NICE85225,
NICEVISIT, NIMODREAM, NJ-STORE,
NO1D-19, OCDEALSPRO, OLGA5555,
OMER5158, ONELE5, ORBELII,
ORDINARYWORLD2009, PAMAKE74,
PJS298, PRIYAPER-0, PRO4U2012,
PULSATION, QUWANHOME,
RAL8881010,
REAL-DEAL-NOW-ONLY,
REGAINSTORE, REYNASTA_SHOP,
RLIMPORT, ROSY_DAYS,
SAFELECTRON, SAMSUN16,
SATUKEREK, SAVEONLINEDEALS,
SCARBOROUGH-8, SHOECAP888,
SHOP667788, SHUSHHO-0,
SKYCORPWORLD, SPEEDLIFE2011,
SPORTLICHUND,
STAYPOSITIVE_STORE, STOREADIL,
STYLISHMOMENT, TALSHIMON,
THTA70, TMARTER, TOP-DEALS-US,
TRANSBETTER, TURTGOODS,
UNIVERSALSTORE2018, VAKEWEAR,
VARYZONE, VFV957, VVSHEN,
WEF-STORE, WHOLESALEFELLAS,
WILLBEYOURS, WONDERFULMALL,
XIOCH31, YANGCHUANLIANDHT,
YEBOW215, YOMSUA-0,
YOUDESERVEITGOOD, YUFURONG9,
ZHANJUSON-0, and
ZIT7783,

       Defendants.

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Doggie Dental, Inc. ("Doggie Dental"), a California corporation, and Peter Dertsakyan ("Dertsakyan"), an individual (collectively, Doggie Dental and Dertsakyan are hereinafter referred to as "Plaintiffs"), hereby sue Defendants, the Individuals, Partnerships, and Unincorporated Associations identified in the Caption and which are set forth in **Schedule "A"** hereto (collectively "Defendants").  Defendants have willfully infringed one or more of the claims of U.S. Patent No. 10,477,838 ("Plaintiffs' Patent" or "the '838 patent") by offering for sale, selling, and distributing knock-off versions of Plaintiffs' BRISTLY® dog toothbrush ("Infringing Products").  In support of their claims, Plaintiffs allege as follows:

## NATURE OF THE ACTION

1. Dertsakyan is the inventor of the BRISTLY® dog toothbrush and the owner of intellectual property related thereto; Doggie Dental is the exclusive licensee of such intellectual property.  In 2016 Dertsakyan developed the idea behind the BRISTLY® dog toothbrush.  June 2017 saw the launch of the BRISTLY® dog toothbrush for beta testing.  Over 50,000 dog owners experienced effortless daily tooth brushing of their dogs with BRISTLY.  In early 2018, development and testing of a new version of the BRISTLY® dog toothbrush occurred.  In June 2018 a crowdfunding campaign was launched on kickstarter.com.  In less than two months, $466,000 was raised with the assistance of nearly 11,000 backers and reached its funding goal in one day; the campaign was featured on the homepage of kickstarter.com as one of its successful campaigns.  The crowdfunding campaign was continued on indiegogo.com where an additional

$534,000 was raised with the assistance of over 11,000 additional backers.  The crowdfunding campaign for the BRISTLY® dog toothbrush is the campaign with the highest number of backers and the highest amount raised of any pet campaigns.  The new version of the BRISTLY® dog toothbrush went on sale in October 2018 ("Plaintiffs' Product").

2.  Defendants have offered for sale, sold, and distributed knock-off versions of the Plaintiffs' Product which closely mimic the appearance of Plaintiffs' product and infringe at least one claim of the '838 patent.  Moreover, Defendants' sale, distribution, and advertising of the Infringing Product are highly likely to cause consumers to believe that Defendants are offering a genuine version of Plaintiffs' Product when they are not.

3.  Shown below are the six types of Infringing Product offered for sale by the Defendants:

**Plaintiffs' Product**

**Type 1 Infringing Product**




**Plaintiffs' Product**



**Type 2 Infringing Product**



**Plaintiffs' Product**



**Type 3 Infringing Product**



**Plaintiffs' Product**



**Type 4 Infringing Product**



**Plaintiffs' Product**

**Type 5 Infringing Product**




**Plaintiffs' Product**

**Type 6 Infringing Product**




4. Defendants' actions have resulted in actual confusion in the marketplace between Defendants' Infringing Product and the genuine version of Plaintiffs' Product. Numerous purchasers of Defendants' Infringing Product have contacted Plaintiffs to complain about the performance of the Infringing Product believing same to be a genuine version of Plaintiffs' Product. Examples of such complaints include "my dog destroyed your teeth cleaning thing in 10 seconds" and "I was so worried my dog may have eaten parts of it that I had to check him over at the vet." Such complaints and negative comments are not just made directly to Plaintiffs,

but are also posted by members of the public on various websites and social media sites for all the world to see.

5. Defendants' Infringing Products are substantially inferior to the genuine product. Plaintiffs' Product is made of natural rubber. Defendants' Infringing Products are made with silicone or other materials. With poorly designed and manufactured products, Defendants' Infringing Products create serious public safety risks and threaten to destroy the reputation of high quality that Plaintiffs' Products have earned. A graphic illustration of the significant danger that the Infringing Products present to animals was brought to the Plaintiffs' attention by a pet owner who believed that Plaintiffs sold a faulty and defective product when in actuality the pet owner purchased a knock-off off masquerading as an authentic version of Plaintiffs' Product. The dog had chewed apart the fake product, swallowed a portion, and underwent corrective surgery to remove the piece. The pet owner provided the photographs below.

**Infringing Product Chewed by Dog**       **Injured Dog After Surgery**

    

The pet owner wanted Doggie Dental to pay for the damages caused by the fake product. Additionally, the pet owner has previously publicized this post on Doggie Dental's publicly available Facebook page:



This pet owner's experience and posting highlight both the actual confusion between the Infringing Products and the genuine version of Plaintiffs' Product and the immediate and irreparable injury being incurred by the Plaintiffs.

6. Plaintiffs have taken numerous steps to protect the BRISTLY® dog toothbrush. Dertsakyan is the owner of U.S. Trademark Registration No. 5,815,298 for BRISTLY directed to "Non-medicated dental preparations for pets, namely, toothpaste and preparations for removing plaque; Home dental care products for dogs and cats, namely, toothpaste; Dental care and oral hygiene products for pets, namely, tooth cleaning preparations; Non-edible dental chews for pets; Non-medicated oral dental chews for dogs." A copy of this registration attached hereto as **Exhibit 1**.

7. Dertsakyan is also the owner of U.S. Trademark Registration No. 5,844,832 for BRISTLY directed to "Toothbrushes for animals; Toothbrushes for pets; Home dental care products for dogs and cats, namely, toothbrush." A copy of this registration attached as **Exhibit 2**.

8. Dertsakyan is the owner of U.S. copyright registration VA 2-122-455 directed to various photographs related to the BRISTLY™ dog toothbrush (the "Plaintiffs' Works"). A copy of Dertsakyan's copyright registration certificate, together with copies of the deposit materials, is attached hereto as **Exhibit 3**. Dertsakyan is also the owner of unregistered copyrights related to the BRISTLY® dog toothbrush.

9. Dertsakyan is also the owner of various design patent applications directed to the BRISTLY® dog toothbrush, including an issued European Registered Community Design

(005818606-0001), an issued U.S. design patent D 901104, and a pending Chinese design patent application.  A copy of Dertsakyan's Registered Community Design is attached hereto as **Exhibit 4**.  All of the design patent applications have common figures, and one of the figures is set forth below:



10. Dertsakyan is also the owner of U.S. Patent No. 10,477,838 for "Pet chew toy for dental self-cleaning by domestic pets," which issued on November 19, 2019.  A copy of the '838 patent is attached hereto as **Exhibit 5**.

11.  On information and belief, Defendants' sale of Infringing Products gives rise to a plausible expectation that discovery will reveal that Defendants' actions all arise from the same transaction, occurrence, or series of transactions.  Specifically, on information and belief, Defendants are actively participating in a conspiracy to distribute and sell Infringing Products. For example, Defendants, on information and belief, are working together to manufacture, arrange the manufacture of and/or sell and otherwise distribute the Infringing Products. Moreover, the Infringing Products all infringe on at least one claim of the Plaintiffs' Patent and share similar characteristics including, for example, colors, shapes, and sizes.

12. Plaintiffs therefore bring this action for Patent Infringement under 35 U.S.C. § 271, and The All Writs Act, 28 U.S.C. § 1651(a).

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

14. This Court may exercise personal jurisdiction over a non-resident of the State in which the Court sits to the extent authorized by the state's laws. Fed. R. Civ. P. 4(e). Pennsylvania authorizes personal jurisdiction over each Defendant pursuant to 42 Pa. Cons. Stat. § 5322 (a) which provides in pertinent part: "A tribunal of this Commonwealth may exercise personal jurisdiction over a person ... as to a cause of action or other matter arising from such person: (1) Transacting any business in this Commonwealth. Without excluding other acts which may constitute transacting business for the purpose of this paragraph: (ii) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit ... (3) Causing harm or tortious injury by an act or omission in this Commonwealth. (4) Causing harm or tortious injury by an act or omission outside this Commonwealth ... (10) Committing any violation within the jurisdiction of the Commonwealth of any statute, home rule charter, local ordinance or resolution, or rule or regulation promulgated thereunder by any government unit or of any order of court or other government unit." In the alternative, Federal Rule of Civil Procedure 4(k) confers personal jurisdiction over the Defendants because, upon information and belief, Defendants regularly conduct, transact and/or solicit business in Pennsylvania and in this judicial district, and/or derive substantial revenue from their business transactions in Pennsylvania and in this judicial district and/or otherwise avail themselves of the privileges and protections of the laws of the Commonwealth of Pennsylvania such that this Court's assertion of

jurisdiction over Defendants does not offend traditional notions of fair play and due process, and/or Defendants' illegal counterfeiting and infringing actions caused injury to Plaintiffs in Pennsylvania and in this judicial district such that Defendants should reasonably expect such actions to have consequences in Pennsylvania and in this judicial district, for example:

a. Upon information and belief, at all times relevant hereto, Defendants were and/or are systematically directing and/or targeting their business activities at consumers in the United States, including Pennsylvania, through on-line platforms with Merchant Storefronts (as defined *infra*), via on-line marketplace websites, such as Amazon.com, under the Seller IDs, as well as any and all as yet undiscovered accounts with Merchant Storefronts held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them ("User Accounts"), through which consumers in the United States, including Pennsylvania, can view the one or more of Defendants' Merchant Storefronts that each Defendant operates, uses to communicate with Defendants regarding their listings for Infringing Products and to place orders for, receive invoices for and purchase Infringing Products for delivery in the U.S., including Pennsylvania, as a means for establishing regular business with the U.S., including Pennsylvania.

b. Upon information and belief, certain Defendants are sophisticated sellers, each operating one or more commercial businesses using their respective User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert of participation with any of them, operate storefronts to manufacture, import, export, advertise, market, promote, distribute, offer for sale and/or otherwise deal in products, including the Infringing Products, which are held by or

associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them ("Merchant Storefront(s)") in wholesale quantities at significantly below-market prices to consumers worldwide, including to those in the U.S., and specifically Pennsylvania.

c. Upon information and belief, Defendants' Merchant Storefronts reflect multiple sales to consumers all over the world, including repeat sales to consumers in the U.S. and into this judicial district.

d. Upon information and belief, all Defendants accept payment in U.S. Dollars and offer shipping to the U.S., including to Pennsylvania.

e. Upon information and belief, at all times relevant, Defendants have transacted business with consumers located in the U.S., including Pennsylvania, for the sale and shipment of Infringing Products.

f. Upon information and belief, Defendants are employing and benefiting from substantially similar, paid advertising and marketing and advertising strategies in order to make their Merchant Storefronts selling illegal goods appear more relevant and attractive to search result software across an array of search words, including but not limited to "BRISTLY", and "WORLD'S MOST EFFECTIVE DOG TOOTHBRUSH".  By their actions, Defendants are causing concurrent and indivisible harm to Plaintiffs and the consuming public by (i) depriving Plaintiffs of their right to fairly compete for space within the various on-line marketplace search results and reducing the visibility of the Plaintiffs' Product on various on-line marketplaces and/or diluting and driving down the retail market price for the Plaintiffs' Product (ii) causing an overall degradation of the value of the goodwill associated with Plaintiffs' Marks and Plaintiffs' Product; and (iii)

increasing Plaintiffs' overall cost to market its goods and educate consumers about its brand and products.

g. Upon information and belief, Defendants have cooperated, communicated their plans with one another, shared information, and coordinated their efforts, all in order to create an illegal marketplace operating in parallel to the legitimate marketplace of Plaintiffs' and the legally authorized resellers of Plaintiffs' genuine goods.

h. Upon information and belief, Defendants are concurrently targeting their infringing activities toward consumers and causing harm in Allegheny County, Pennsylvania.

i. Upon information and belief, Defendants likely reside and/or operate in foreign jurisdictions with lax trademark and patent enforcement systems and are cooperating by creating an illegal stream of infringing and counterfeit goods.

j. Upon information and belief, Defendants are aware of Plaintiffs, their genuine BRISTLY® dog toothbrush product, and are aware that their illegal infringing actions alleged herein are likely to cause injury to Plaintiffs in the United States, in Pennsylvania and in this judicial district specifically, as Plaintiffs conducts substantial business in Pennsylvania.

k. Plaintiffs are suffering irreparable and indivisible injury and suffered substantial damages as a result of Defendants' unauthorized and wrongful sale of counterfeit and infringing goods.

15. Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391 because, for example:

a.  Upon information and belief, Defendants conduct, transact, and/or solicit business in this judicial district.

b.  Upon information and belief, Defendants or their agent(s) may be found in this district because personal jurisdiction is proper in this district.

c.  Upon information and belief, this is a judicial district in which a substantial part of the events or omissions giving rise to the infringement claims occurred, or a substantial part of the property that is the subject of the action is situated.

d.  Defendants not resident in the United States may be sued in this judicial district because personal jurisdiction is proper in this district.

## THE PLAINTIFFS

16.  Plaintiff Doggie Dental, Inc., is a California corporation has a mailing address of 827 Hollywood Way #465, Burbank, California 91505.  Doggie Dental is the exclusive licensee of the intellectual property relating to the BRISTLY® dog toothbrush.

17.  Plaintiff Peter Dertsakyan a/k/a Petros Dertsakyan, is an individual who resides in California and has a mailing address of 827 Hollywood Way #465, Burbank, California 91505. Dertsakyan is the inventor of the BRISTLY® dog toothbrush and the owner of the intellectual property relating thereto.

18.  Doggie Dental is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this district, the BRISTLY® dog toothbrush, through its website, bristly.com, its authorized seller on amazon.com, and various retail establishments, including Petsense.  Defendants, through the sale and offer to sell Infringing Products are

directly, and unfairly, competing with Plaintiffs' economic interest in the Commonwealth of Pennsylvania and causing Plaintiffs harm within this jurisdiction.

19.  Like many other brand owners, Plaintiffs suffer ongoing daily and sustained violations of their rights at the hands of infringers, such as Defendants herein, who wrongfully reproduce Plaintiffs' Products for the twin purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits from the sale of their Infringing Products.  The natural and intended byproduct of Defendants' actions is the erosion and destruction of the goodwill associated with Plaintiff's Products and the destruction of the legitimate market sector in which Plaintiffs operate.

20.  The recent explosion of counterfeiting and infringement over the Internet, including through online marketplace platforms, has created an environment that requires brand owners, such as Plaintiffs, to expend significant time and money across a wide spectrum of efforts in order to protect both consumers and Plaintiffs from the ill effects of confusion and the erosion of the goodwill associated with Plaintiffs' brand and products.

## THE DEFENDANTS

21.  The Defendants are individuals and/or business entities of unknown makeup, each of whom, upon information and belief, either reside or operate in foreign jurisdictions, or redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).  Defendants target their business activities toward consumers throughout the United States, including within this district, and conduct pervasive business through the operation of, at least, one fully interactive commercial Internet based e-commerce store via, at least, the Internet based online marketplaces Amazon.com, ebay.com, aliexpress.com, and wish.com, all under the Seller IDs.

22.  Upon information and belief, the Defendants use aliases in conjunction with the operation of their businesses as set forth in **Schedule "A"** hereto.

23.  Defendants are the past and present controlling forces behind the sale of products infringing at least one claim of the '838 patent described herein using at least the Seller IDs.

24.  Upon information and belief, Defendants directly engage in unfair competition with Plaintiffs and their authorized resellers by willfully advertising, offering for sale and selling goods infringing upon at least one claim of the '838 patent to consumers within the United States and this district through several fully interactive, commercial Internet websites and Internet based e-commerce stores operating under, at least, the storefronts, the Seller IDs, and any additional domain names, websites and corresponding website URLs or seller identifications and store URL aliases not yet known to Plaintiffs.  Defendants have purposefully directed some portion of their illegal activities towards consumers in the Commonwealth of Pennsylvania through the advertisement, offer to sell, sale, and/or shipment of Infringing Products into the Commonwealth.

25.  Defendants have registered, established or purchased, and maintained the on-line marketplace website storefronts and Seller IDs.  Upon information and belief, Defendants have engaged in fraudulent conduct with respect to the registration of the storefronts and Seller IDs by providing false and/or misleading information to the Internet based e-commerce platforms where they offer for sale and/or sell, during the registration or maintenance process related to their respective Seller ID.  Upon information and belief, Defendants have anonymously registered and maintained some of the Seller IDs for the sole purpose of engaging in illegal infringing activities.

26.  Upon information and belief, Defendants will continue to register or acquire new seller identification aliases for the purpose of selling and offering for sale goods infringing at least one claim of the '838 patent unless preliminarily and permanently enjoined.

27.  Defendants' Internet-based businesses amount to nothing more than illegal operations established and operated in order to infringe the intellectual property rights of Plaintiffs.

28.  Defendants' business names, i.e., the Seller IDs, associated payment accounts, and any other alias seller identification names used in connection with the sale of goods infringing on at least one claim of the '838 patent are essential components of Defendants' online activities and are the means by which Defendants further their infringement scheme and cause harm to Plaintiffs.

## **COMMON FACTUAL ALLEGATIONS**

**Plaintiffs and Their BRISTLY Dog Toothbrush**

29. Plaintiffs developed and sell a unique and revolutionary product under their registered trademark BRISTLY® ("Plaintiffs' Mark") that safely and easily permits dogs to brush their own teeth removing plaque and tarter ("Plaintiffs' Product").  Plaintiffs identified the need for this product and created the market for this product.  Below is an image of one of Plaintiffs' Products, which retails for $16.99:



The Plaintiffs' Mark is inherently distinctive, as recognized by the U.S. Patent and Trademark Office in issuing two trademark registrations on the Principal Register.

30.  On November 19, 2019, the U.S. Patent and Trademark Office issued the '838 patent, the claims of which protect Plaintiffs' Product.  The '838 patent has never been assigned or licensed to any of the Defendants in this matter.  Plaintiffs have provided constructive notice of the '838 patent by placing the patent number of the '838 patent on the packaging of Plaintiffs' Product.

31.  Plaintiffs' Bristly product has been featured in videos or articles by numerous media outlets, including MSN (https://www.msn.com/en-sg/lifestyle/lifestylegeneral/a-new-chew-toy-will-help-your-dog-brush-its-own-teeth/ar-AAA8pvh) , Pet Lover Geek (https://www.facebook.com/petlovergeek/videos/613996128985404), Askmen (https://www.askmen.com/entertainment/guy_gear/best-new-kickstarters-for-june-28-2018.html), Interesting Engineering (https://interestingengineering.com/this-chew-stick-for-dogs-helps-them-achieve-good-oral-health), Awesome Stuff 365 (https://awesomestuff365.com/bristly-toothbrush-for-dogs/), star2.com (https://www.star2.com/living/2018/07/28/toothbrushing-stick-dogs-clean-teeth/), Dude (http://www.dudeiwantthat.com/household/pets/bristly-toothbrush-for-dogs.asp), Gaget flow (https://thegadgetflow.com/blog/bristly-is-the-chew-toy-that-cleans-your-dogs-teeth/ and https://thegadgetflow.com/portfolio/dog-tooth-brushing-stick/), The Gadgeteer (https://the-gadgeteer.com/2018/07/20/micro-veggie-growing-tray-tiny-edc-pen-a-toothbrush-for-dogs-and-more-notable-crowdfunding-campaigns/), Steemit (https://steemit.com/steemhunt/@adarshagni/bristly-chew-stick-for-dogs), New Atlas (https://newatlas.com/bristly-dog-toothbrush/55401/), TheThings.com

(https://www.thethings.com/chew-toy-helps-dogs-brush-teeth), slashpets

(https://www.slashpets.com/bristly-toothbrush/), Cool Business Ideas

(https://www.coolbusinessideas.com/archives/toothbrush-for-your-doggy/), Cool Hunting

(https://coolhunting.com/design/bristly-dog-toothbrush/), MNN

(https://www.mnn.com/family/pets/stories/answer-dog-toothbrushing-struggle), Gismo Review

(https://www.gismoreview.com/bristly-the-toothbrush-for-dog/), Product Watch

(https://productwatch.co/hate-brushing-your-dogs-teeth-meet-bristly-and-forget-your-troubles/),

Mental Floss (http://mentalfloss.com/article/551054/new-chew-toy-will-help-your-dog-brush-its-

own-teeth), and Trend Hunter (https://www.trendhunter.com/trends/bristly).

**Defendants' Wrongful and Infringing Conduct**

32.  Upon information and belief, Defendants are, through at least the Internet based e-

commerce stores operating under the Seller IDs, promoting, selling, offering for sale and

distributing goods that willfully infringe at least one claim of the '838 patent while marketing

their knock-off products in a willful attempt to pass off their knock-off products as the genuine

version of Plaintiffs' Products.

33.  Upon information and belief, Defendants' Infringing Products are of a quality

substantially and materially different than that of Plaintiffs' genuine goods.  Defendants, upon

information and belief, are actively using, promoting and otherwise advertising, distributing,

selling, and/or offering for sale substantial quantities of their Infringing Products with the

knowledge and intent that such goods will be mistaken for the genuine high quality goods

offered for sale by Plaintiffs despite Defendants' knowledge that they are without authority to

use the subject matter of the '838 patent.

34. Defendants advertise their Infringing Products for sale to the consuming public via Internet based e-commerce stores on, at least, one Internet marketplace using at least the Seller IDs. In so advertising these goods, Defendants improperly and unlawfully infringe at least one claim of the '838 patent without Plaintiffs' permission.

35. As part of their overall infringement and counterfeiting scheme, Defendants are, upon information and belief, concurrently employing and benefitting from substantially similar, advertising and marketing strategies based, in large measure, upon an illegal use of infringements of the '838 patent in order to make their e-commerce stores selling illegal goods appear more relevant and attractive to consumers online. By their actions, Defendants are contributing to the creation and maintenance of an illegal marketplace operating in parallel to the legitimate marketplace for Plaintiffs' genuine goods. Defendants are causing, individual, concurrent and indivisible harm to Plaintiffs and the consuming public by (i) depriving Plaintiffs and other third parties of their right to fairly compete for space within search engine results and reducing the visibility of Plaintiffs' genuine goods on the World Wide Web, (ii) causing actual consumer confusion, (iii) harm to Plaintiffs' reputations, including tarnishing their status as the innovator in this market, (iv) an overall degradation of the value of the goodwill associated with the Plaintiffs' brand, and (v) increasing Plaintiffs' overall cost to market its goods and educate consumers about its brand via the Internet.

36. Plaintiffs confirmed that Defendants were and/or are still currently offering for sale and/or selling Infringing Products for sale to the consuming public via Internet based e-commerce stores on, at least, one Internet marketplace using at least the Seller IDs and that Defendants provide shipping and/or have actually shipped Infringing Products to customers located within this judicial district.

37.   There is no question that the Infringing Product itself and the manner in which it is marketed is designed to confuse and mislead consumers into believing that they are purchasing Plaintiffs' Product or that the Infringing Product is otherwise approved by or sourced from Plaintiffs, thereby trading on the goodwill and reputation of Plaintiffs.

38.   Upon information and belief, at all times relevant hereto, Defendants in this action had full knowledge of Plaintiffs' ownership of the '838 patent.   Defendants' use of the '838 patent is without Plaintiffs' consent or authorization.

39.   Defendants are engaging in the above-described illegal infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Plaintiffs' rights for the purpose of infringing the '838 patent and trading on Plaintiffs' goodwill and reputation. If Defendants' intentional infringing activities are not preliminarily and permanently enjoined by this Court, Plaintiffs and the consuming public will continue to be harmed.

40.   Defendants' above identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers before, during, and after the time of purchase. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between Plaintiffs' Products and Defendants' Infringing Products, which there is not.

41.   Upon information and belief, Defendants' payment and financial accounts are being used by Defendants to accept, receive, and deposit profits from Defendants' infringing and unfairly competitive activities connected to their Seller IDs and any other alias e-commerce stores, photo albums, seller identification names, domain names, or websites being used and/or controlled by them.

42.  Further, upon information and belief, Defendants are likely to transfer or secret their assets to avoid payment of any monetary judgment awarded to Plaintiffs.

43.  Plaintiffs have no adequate remedy at law.

44.  Plaintiffs are suffering irreparable injury and have suffered substantial damages as a result of Defendants' unauthorized and wrongful infringement of at least one claim of the '838 patent.  If Defendants' infringing activities are not preliminarily and permanently enjoined by this Court, Plaintiffs and the consuming public will continue to be harmed.

45.  The harm and damages sustained by Plaintiffs have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of their Infringing Products.

**COUNT I – PATENT INFRINGEMENT (35 U.S.C. § 271 (a))**

46.   Plaintiffs hereby adopt and re-allege the allegations set forth in the preceding paragraphs as if set forth herein.

47.  Plaintiffs are the owner of U.S. Patent No. 10,477,838 B2 ("the '838 Patent"), issued November 19, 2019, for "PET CHEW TOY FOR DENTAL SELF-CLEANING BY DOMESTIC PETS" and which covers Plaintiffs' Product. A true and correct copy of which is attached as **Exhibit 5**.

48.  The Accused Type 1-6 Products infringe at least Claim 1 of the '838 patent, as more fully detailed in **Exhibits 6-11**, respectively.

49.  Defendants have infringed and continue to infringe the '838 patent either directly or indirectly through acts of contributory infringement or inducement in violation of 35 U.S.C. §

271, by making, using, selling, importing and/or offering to sell Infringing Products, namely the

pet toothbrushes that are nearly identical to Plaintiffs' Product.

50.  Defendants' infringement, contributory infringement and/or inducement to infringe

has injured Plaintiffs and they, therefore, are entitled to recover damages adequate to compensate

them for such infringement, but in no event less than a reasonable royalty.

51.  Defendants' infringement, contributory infringement and/or inducement to infringe

has been willful and deliberate because Defendants have notice of or knew of the '838 patent and

have nonetheless injured and will continue to injure Plaintiff, unless and until this Court enters

an injunction, which prohibits further infringement and specifically enjoins further manufacture,

use, sale, importation and/or offer for sale of products or services that come within the scope of

the '838 patent.

52.  Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief as

well as monetary damages and other remedies as provided by the Patent Act, including damages

that Plaintiff has sustained and will sustain as a result of Defendants' illegal and infringing

actions as alleged herein, enhanced discretionary damages and reasonable attorneys' fees and

costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demands judgment on all Counts of this Complaint and an

award of equitable relief and monetary relief against Defendants as follows:

a. Entry of temporary, preliminary and permanent injunctions pursuant to 35 U.S.C. §

283, and Federal Rule of Civil Procedure 65 enjoining Defendants, their agents, representatives,

servants, employees, and all those acting in concert or participation therewith, from

manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Infringing Products;

c. Entry of an Order that, upon Plaintiffs' request, any Internet marketplace website operators and/or administrators that are provided with notice of the injunction, including but not limited to the online marketplaces hosted by Amazon.com, eBay.com, Aliexpress.com, and Context Logic, Inc. d/b/a wish.com, identify any e-mail address known to be associated with Defendants' respective Seller ID, and cease facilitating access to any or all e-commerce stores through which Defendants engage in the promotion, offering for sale, and/or sale of Infringing Products.

d. Entry of an Order that, upon Plaintiffs' request, any Internet marketplace website operators and/or administrators who are provided with notice of the injunction, including but not limited to online marketplaces hosted by Amazon.com, eBay.com, Aliexpress.com, and Context Logic, Inc. d/b/a wish.com permanently remove any and all listings offering for sale Infringing Products via the e-commerce stores operating under the Seller IDs, including any and all listings linked to the same seller or linked to any other alias seller identification name being used and/or controlled by Defendants to promote, offer for sale and/or sell Infringing Products.

e. Entry of an Order that, upon Plaintiffs' request, any Internet marketplace website operators and/or administrators who are provided with notice of the injunction, including but not limited to online marketplaces hosted by at least one of Amazon.com, eBay.com, Aliexpress.com, and Context Logic, Inc. d/b/a wish.com, immediately cease fulfillment of and sequester all goods of each Defendant or other Seller under a Seller ID offering for sale the Infringing Product in its inventory, possession, custody, or control, and surrender those goods to Plaintiffs.

f. Entry of an order awarding Plaintiffs damages adequate to compensate for the infringement of its patent, but in no event less than a reasonable royalty for the use made of the invention by the Defendants, together with interest and costs as fixed by the Court pursuant to 35 U.S.C. § 284 and that the award be trebled as provided for under 35 U.S.C. §284.

g. Entry of an Order finding that this case is exceptional and an award to Plaintiffs of its attorney fees and costs as provided by for under 35 U.S.C. § 285.

h. Entry of an Order that, upon Plaintiffs' request, any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, Zhejiang Ant Small and Micro Financial Services Group Co., Ltd. AliPay (China) Internet Technology Co. Ltd., and Alipay.com Co., Ltd. (collectively referred to as "AliPay")[1], Amazon Payments, Inc., PayPal, Inc. d/b/a paypal.com, and Context Logic, Inc. d/b/a wish.com, or marketplace platforms, including but not limited to, Amazon.com, ebay.com, aliexpress.com, and Context Logic, Inc d/b/a wish.com, and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Seller IDs or other domain names, alias seller identification names, or e-commerce store names or store URLs used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s), to be surrendered to Plaintiffs in partial satisfaction of the monetary judgment entered herein.

i. Entry of an award of pre- and post-judgment interest on the judgment amount.

---

[1]   WorldPay US, Inc. ("WorldPay") processes transactions on behalf of Alibaba and Alipay, which may appear as "Aliexpress" on a cardholder's credit card statement.

j. Entry of an order for any further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs respectfully demand a trial by jury on all claims.

Respectfully submitted,

April 29, 2021                                      /s/ Stanley D. Ference III
                                                     Stanley D. Ference III
                                                     Pa. ID No. 59899
                                                     courts@ferencelaw.com

                                                     Brian Samuel Malkin
                                                     Pa. ID No. 70448
                                                     bmalkin@ferencelaw.com

                                                     FERENCE & ASSOCIATES LLC
                                                     409 Broad Street
                                                     Pittsburgh, Pennsylvania 15143
                                                     (412) 741-8400 - Telephone
                                                     (412) 741-9292 - Facsimile

                                                     Attorneys for Plaintiffs
                                                        Doggie Dental, Inc. and
                                                        Peter Dertsakyan

# Schedule "A"
# Defendants With Store Name and Seller ID

| Defendant No. | Defendant/Store Name | Seller ID |
|---|---|---|
| 1 | avantdigital | 402012390038 |
| 2 | 0731*2013 | 264358064699 |
| 3 | 2013blingmall | 372657554625 |
| 4 | 2018outdoor5 | 113881101110 |
| 5 | 777myshop777 | 312851162528 |
| 6 | 86010-2022 | 173978261167 |
| 7 | abigalekids | 163998900765 |
| 8 | aiwengoing | 264570773784 |
| 9 | alminko_0 | 392620628407 |
| 10 | alwaysgood14 | 143481869914 |
| 11 | antop3302 | 223766125027 |
| 12 | antw4489 | 401832627358 |
| 13 | arrowhunt | 133278654922 |
| 14 | ateamgo | 193110900595 |
| 15 | avram-2-deals | 114054879835 |
| 16 | awesome.365 | 143468073178 |
| 17 | azbase | 352776594675 |
| 18 | azcool | 163812406734 |
| 19 | ban6067 | 283731592587 |

| Defendant No. | Defendant/Store Name | Seller ID |
|---|---|---|
| 20 | bayshinecooler | 333340822090 |
| 21 | belabu0 | 193200279599 |
| 22 | best_fashional | 164273595246 |
| 23 | bestinthebest | 174076101628 |
| 24 | bestonline88 | 163915862321 |
| 25 | bruce-cui | 113814974377 |
| 26 | buyadise | 184102976494 |
| 27 | buyitnpw | 133489860155 |
| 28 | ccs3226 | 223763062302 |
| 29 | centerstock | 113951084441 |
| 30 | chollatis | 274122803013 |
| 31 | cloud1437 | 143478416113 |
| 32 | coacheer | 312731674586 |
| 33 | craftdiyonline | 372866370318 |
| 34 | createlifestyle | 264199042185 |
| 35 | daybuydayforyou | 163946768803 |
| 36 | discount-e-mall | 392534370753 |
| 37 | d-mall | 163860365170 |
| 38 | dogstagramlove | 124006622658 |
| 39 | dondi-56 | 184076117210 |
| 40 | doublawin | 233371613174 |
| 41 | e.shop.2019 | 312565371324 |
| 42 | eifaction | 293204505573 |
| 43 | energysaving-led | 163755339541 |

| Defendant No. | Defendant/Store Name | Seller ID |
|---|---|---|
| 44 | estoresg | 113831782676 |
| 45 | euroup | 174025838713 |
| 46 | faaashion_store | 283603616551 |
| 47 | fairyard | 293331718874 |
| 48 | fastnewsales | 124001711587 |
| 49 | feaboa0 | 383071343627 |
| 50 | feiaia0213s | 153735447637 |
| 51 | fenl-top | 123983636590 |
| 52 | freestyle_shopping | 352885610729 |
| 53 | funbuyit | 233375502283 |
| 54 | gadgetkingdom2014 | 153508139927 |
| 55 | galibestbuyonline | 392352571042 |
| 56 | ggg_global | 312749041688 |
| 57 | goldenfield*2014 | 392399215448 |
| 58 | happylifedeals | 174119467409 |
| 59 | heba_kh | 401877607094 |
| 60 | homies_good | 163745449534 |
| 61 | hopscotchabc | 163623614288 |
| 62 | i-domestic | 113841227571 |
| 63 | ilovetabletpc2014 | 202680519565 |
| 64 | in*god*we*trust | 113901221334 |
| 65 | inbarfarkash2001 | 153784306800 |
| 66 | iokhouse-19 | 392333503215 |
| 67 | iucool | 233281726583 |

| Defendant No. | Defendant/Store Name | Seller ID |
|---|---|---|
| 68 | james2012 | 123429913849 |
| 69 | jingyu2014 | 202804497331 |
| 70 | julapanya-0 | 392564481520 |
| 71 | june_085 | 254070575583 |
| 72 | justinyrd | 383137659115 |
| 73 | juvy97 | 183801005946 |
| 74 | kingsea8 | 163828756170 |
| 75 | kyucim | 324019228431 |
| 76 | largeworld3 | 202781277044 |
| 77 | letterbu619 | 264573932362 |
| 78 | lifefirstplace | 303301960701 |
| 79 | lillyk91 | 332925089849 |
| 80 | lilyyangstore | 202808953596 |
| 81 | linyan1986_3 | 202859618622 |
| 82 | love.sunflower | 202751830727 |
| 83 | lpchenmj | 264498250039 |
| 84 | luckyauction2011 | 143373384669 |
| 85 | lykuanmall | 352881777541 |
| 86 | lynworral_0 | 143374452638 |
| 87 | magic.house2013 | 163808640129 |
| 88 | malibu_queenie | 163898259594 |
| 89 | manfredog | 372766306534 |
| 90 | michaeeliyah_0 | 153624866049 |
| 91 | migostore87 | 202750360621 |

| Defendant No. | Defendant/Store Name | Seller ID |
|---|---|---|
| 92 | msw4baby | 264414891858 |
| 93 | mymagicstick | 123874021096 |
| 94 | myphonestarthere | 333416417525 |
| 95 | nice85225 | 254427504451 |
| 96 | nicevisit | 392360097758 |
| 97 | nimodream | 312609922771 |
| 98 | nj-store | 174042685526 |
| 99 | no1d-19 | 362742508647 |
| 100 | ocdealspro | 153632895086 |
| 101 | olga5555 | 362690495170 |
| 102 | omer5158 | 283609144325 |
| 103 | onele5 | 113994688273 |
| 104 | orbelii | 333429017931 |
| 105 | ordinaryworld2009 | 202804497484 |
| 106 | pamake74 | 352901526669 |
| 107 | pjs298 | 333339905672 |
| 108 | priyaper-0 | 223767345193 |
| 109 | pro4u2012 | 303218952266 |
| 110 | pulsation | 264498283805 |
| 111 | quwanhome | 401961981320 |
| 112 | ral8881010 | 193264684414 |
| 113 | real-deal-now-only | 143472286021 |
| 114 | regainstore | 352837113568 |
| 115 | reynasta_shop | 163751188668 |

| Defendant No. | Defendant/Store Name | Seller ID |
|---|---|---|
| 116 | rlimport | 303410178166 |
| 117 | rosy_days | 163660341166 |
| 118 | safelectron | 264428221704 |
| 119 | samsun16 | 323711282483 |
| 120 | satukerek | 352747106774 |
| 121 | saveonlinedeals | 372752737702 |
| 122 | scarborough-8 | 123836582850 |
| 123 | shoecap888 | 184011024852 |
| 124 | shop667788 | 273991716320 |
| 125 | shushho-0 | 123762427055 |
| 126 | skycorpworld | 324031607956 |
| 127 | speedlife2011 | 323959590273 |
| 128 | sportlichund | 123903300574 |
| 129 | staypositive_store | 401862599047 |
| 130 | storeadil | 193102459921 |
| 131 | stylishmoment | 223491681303 |
| 132 | talshimon | 274139963660 |
| 133 | thta70 | 324032846916 |
| 134 | tmarter | 183961064926 |
| 135 | top-deals-us | 202730249622 |
| 136 | transbetter | 372851702556 |
| 137 | turtgoods | 223658138543 |
| 138 | universalstore2018 | 132876527010 |
| 139 | vakewear | 392544851502 |

| Defendant No. | Defendant/Store Name | Seller ID |
|---|---|---|
| 140 | varyzone | 264501436914 |
| 141 | vfv957 | 303608827989 |
| 142 | vvshen | 323883200951 |
| 143 | wef-store | 274146166190 |
| 144 | wholesalefellas | 153632033254 |
| 145 | willbeyours | 233450065883 |
| 146 | wonderfulmall | 372657563327 |
| 147 | xioch31 | 193239622946 |
| 148 | yangchuanliandht | 184050300347 |
| 149 | yebow215 | 303202870642 |
| 150 | yomsua-0 | 233349739901 |
| 151 | youdeserveitgood | 312750159542 |
| 152 | yufurong9 | 163961516107 |
| 153 | zhanjuson-0 | 173985206062 |
| 154 | zit7783 | 143468527666 |

## LISTING OF EXHIBITS

Exhibit 1.................................U.S. Trademark Reg. No. 5,815,298 for BRISTLY

Exhibit 2.................................U.S. Trademark Reg. No. 5,844,832 for BRISTLY

Exhibit 3.................................U.S. Copyright Reg. No. VA 2-122-455 for "Photos of In Use
Pet/Dog Toy for Oral Hygiene"

Exhibit 4.................................European Registered Community Design No. 005818606-0001

Exhibit 5.................................U.S. Patent No. 10,477,838

Exhibit 6.................................Comparison of Type 1 Infringing Product to claim 1 of U.S. Patent
No. 10,477,838

Exhibit 7.................................Comparison of Type 2 Infringing Product to claim 1 of U.S. Patent
No. 10,477,838

Exhibit 8.................................Comparison of Type 3 Infringing Product to claim 1 of U.S. Patent
No. 10,477,838

Exhibit 9.................................Comparison of Type 4 Infringing Product to claim 1 of U.S. Patent
No. 10,477,838

Exhibit 10...............................Comparison of Type 5 Infringing Product to claim 1 of U.S. Patent
No. 10,477,838

Exhibit 11...............................Comparison of Type 6 Infringing Product to claim 1 of U.S. Patent
No. 10,477,838